UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**REMAND / JS-6**

Case No.  **CV 16-193 DMG (JEMx)**   Date  March 17, 2016

Title  *Harry M. Fox v. J.P. Morgan Chase Bank, et al.*   Page  1 of 3

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS [8, 12]**

**I.
PROCEDURAL BACKGROUND**

On November 25, 2015, Plaintiff Harry M. Fox filed a complaint ("Compl.") in the Superior Court of California, County of Los Angeles, alleging ten state law claims and one claim for violation of 26 U.S.C. § 7434. [Doc. # 1-1.] On January 11, 2016, Defendants California Reconveyance Company, J.P. Morgan Chase Bank, N.A., and U.S. Bank National Association ("Defendants") removed the case to this Court on the basis of federal question subject matter jurisdiction. [Doc. # 1.]

On January 15, 2016, Defendants filed a motion to dismiss ("MTD") Fox's Complaint. [Doc. # 8.] On February 1, 2016, Fox filed a motion to remand ("MTR") the case back to the state court. [Doc. # 12.] Having duly considered the parties' written submissions, the Court issues the following decision.

**II.
LEGAL STANDARD**

A civil action brought in state court over which a federal district court has original jurisdiction may be removed by defendants to a district court where such an action could have been brought. 28 U.S.C. §§ 1441(a), 1452. If the court determines it has no jurisdiction, "[it] must remand the removed case rather than dismissing it." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003) (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710, 114 L. Ed. 2d 134, 151 (1991) (superseded by statute on unrelated grounds)). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-193 DMG (JEMx)** | Date | March 17, 2016 |
|---|---|---|---|
| Title | ***Harry M. Fox v. J.P. Morgan Chase Bank, et al.*** | Page | 2 of 3 |

### III.
### DISCUSSION

**A.   Removal and Remand**

Fox's complaint initially presented a federal question, and did so at the time of the removal, as the tenth cause of action is for violation of 26 U.S.C. section 7434.

Defendants have moved to dismiss the Complaint in its entirety, including the Section 7434 federal claim. Fox has stated that he "misunderstood" section 7434, and now believes it to be inapplicable. (MTD Opp. at 19-20.)[1] Fox requests leave to amend this claim to "reflect a claim for [n]egligence" instead. (MTD Opp. at 20.) The Court will construe this request as one for voluntary dismissal of the federal claim pursuant to Federal Rule of Procedure 41.

The Court therefore dismisses the claim for violation of section 7434 on the basis of Fox's request for voluntary dismissal, *see Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) ("[T]he decision to grant a voluntary dismissal . . . is addressed to the sound discretion of the district court."), and declines to exercise its supplemental jurisdiction over the remaining state law claims, *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009) ("The district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction") (emphasis and internal citations and quotations omitted).

**B.   Costs and Fees**

Fox has requested attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (MTR at 9.) Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Except in "unusual circumstances," a court may award fees under Section

---

[1] Fox contends that Defendants failed to comply with Local Rule 7-3 before filing their MTD. Rule 7-3 requires the moving party to contact opposing counsel prior to filing a motion to thoroughly discuss the substance of the contemplated motion and any potential resolution. C.D. Cal. L.R. 7-3. Defendants state in their notice of motion that they made a good faith attempt to meet and confer with Plaintiff's counsel on January 13, 2016. Fox contends that, had such a meet and confer occurred in which Defendants alerted Fox that the section 7434 claim was subject to dismissal, Fox would have amended his complaint in order to remove this claim. (MTD Reply. at 2-3.) Fox has provided a document reflecting a series of emails which took place between Plaintiff's and Defendants' counsel regarding the motion to remand., but neither party has provided any documentation of a meet and confer regarding the MTD, or lack thereof. (MTR Reply Ex. 1.) The Court admonishes all parties to abide by Rule 7-3's admonition to *thoroughly* discuss the substance of a motion before filing it. The purpose of this requirement is to improve efficiency and conserve judicial resources, and it appears that the parties could have come to an agreement regarding the dismissal of the section 7434 claim without the aid of the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-193 DMG (JEMx)** | Date | March 17, 2016 |
| Title | *Harry M. Fox v. J.P. Morgan Chase Bank, et al.* | Page | 3 of 3 |

1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Defendants did not lack an objectively reasonable basis for attempting to remove this case, as Fox's complaint contained a federal question on its face. The Court declines to award attorney's fees and costs.

## IV.
## CONCLUSION

In light of the foregoing, Fox's tenth claim for violation of 26 U.S.C section 7434 is dismissed with prejudice. Fox's motion to remand is **GRANTED** and his request for costs and fees is **DENIED**. This case is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**